THE PEOPLE OF THE STATE OF NEW YORK ex rel. BROOKLYN COOPERAGE COMPANY, Relator, *v.* JOSEPH H. GOKEY and Others, Constituting the Board of Trustees of the Village of Tupper Lake, N. Y., Respondents.

Third Department, March 7, 1917.

Villages — proceeding for the discontinuance of a street — use of old street until establishment of new one.

An order made by a board of trustees of a village under section 145 *et seq.* of the Village Law, that a certain street be closed or discontinued, and that a new street be built before traffic is abandoned on the old street, should be construed to mean that the old street will remain a public highway until the new street is established, and should be confirmed, where the new street furnishes an ample way for a chemical company which now uses the old street as the only means of ingress and egress to and from its plant.

CERTIORARI issued out of the Supreme Court and attested on the 6th day of March, 1916, directed to Joseph H. Gokey and others, constituting the board of trustees of the village of Tupper Lake, N. Y., commanding them to certify and return to the office of the clerk of the county of Franklin all and singular their proceedings had in the matter of discontinuing a certain street in said village.

*Kellas & Kellas* [*John P. Kellas* of counsel], for the relator.

*Ralph Hastings,* for the respondents.

COCHRANE, J.:

Under section 145 *et seq.* of the Village Law (Consol. Laws, chap. 64 [Laws of 1909, chap. 64], as amd.) a proceeding was instituted before the board of trustees of the village of Tupper Lake for the discontinuance of Chemical street within said village. The relator conducts a large and valuable manufac-

Third Department, March, 1917.          [Vol. 177.

turing plant within said village and in the operation thereof makes constant and necessary use of Chemical street. The relator appeared on the hearing before the trustees and opposed the discontinuance of said street and introduced testimony in support of its contention. There is within the village an intersection of two railroads known as the Junction and from this point to the mainly populated portion of the village, a distance of nearly two miles, extends the so-called Junction road, a macadamized and much-used highway within the village. Chemical street extends from the Junction road about half a mile from the Junction in an easterly or northeasterly direction until it loses its identity in a private road which continues on for a considerable distance to the plant of the relator. According to present conditions Chemical street affords the only outlet for the relator's plant and its discontinuance would constitute a serious grievance to the relator.

It appeared on the hearing had before the trustees that it was their purpose to establish a new highway extending from the Junction road crossing the private road leading to the relator's plant and extending thence to the populous portion of the village, and one of the purposes of this new highway was to relieve Junction road of some of its traffic and that as an incident thereto a means of ingress and egress to and from the relator's plant would be established with this new street at a point where it would cross the relator's private road. The superintendent of the relator testified that the relator objected to the discontinuance of Chemical street because it had no outlet at the present time if that street were discontinued, and that if a road were constructed from the Junction road connecting with the private road of the relator it would not constitute any inconvenience, damage or expense to the relator to have Chemical street closed. The determination of the board of trustees was that Chemical street be closed "and that a new street be built before traffic is abandoned on Chemical Street." We construe this to mean that Chemical street will remain a public highway until the new street as above indicated is established. What is really contemplated is the substitution of one street for another and the discontinuance of Chemical street is not to become effective

until the other street is fully established.   The discontinuance of Chemical street without an appropriate substitute therefor would manifestly constitute an arbitrary and unreasonable exercise of power by the trustees and a just grievance to the relator.   But the determination actually made by the trustees does not seem to be open to that criticism.   They are the best judges of the village requirements and the resolution passed by them as construed by us means that  the discontinuance of Chemical street will not be effective until the new street above outlined is completed, and as so construed the resolution properly safeguards the rights of the relator.

The determination should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.